UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN KYTE,<br>    Petitioner, | Case No. 1:19-cv-809 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, HAMILTON<br>COUNTY JUSTICE CENTER,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

    Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her Hamilton County, Ohio conviction and sentence in case number C/19/CRB/17627. (Doc. 4). On July 23, 2019, after entering a plea of no contest to one count of assault, petitioner received a 150-day prison sentence. (*See* Doc. 6 at PageID 38). On November 28, 2019, petitioner was released from the Hamilton County Justice Center. (*Id.* at PageID 48).

    Petitioner filed the instant petition on September 23, 2019, prior to the expiration of her prison sentence. (*See* Doc. 1, 4). Petitioner raises the following two grounds for relief:

1. Hamilton County court will not provide petitioner with her sentencing transcript.

2. Petitioner was not given the nature of the accusation by the State of Ohio.

(Doc. 4). Respondent has filed a return of writ in opposition to the petition. (Doc. 7).

    The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C.

§ 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present her claims through the requisite levels of state appellate review, but still has an avenue open to her in the state courts by which she may present the claims, the petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c).

In this case, petitioner has not made any showing that she has exhausted her state court remedies prior to filing the instant petition. To the contrary, the Hamilton County Clerk of Court's online docket records indicates that petitioner has not sought any appellate review of her conviction and sentence. Petitioner did file a motion to mitigate sentence in the trial court, but has not presented her claims to the Ohio Court of Appeals or Ohio Supreme Court.[1] Because it is clear from the face of the petition that petitioner has yet to exhaust her grounds for relief—and

---

[1] Viewed at https://www.courtclerk.org/ under Case No. C/19/CRB/17627. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

has the available remedy of a delayed direct appeal—the petition is subject to dismissal for lack of exhaustion.[2]

Accordingly, because petitioner has failed to exhaust his state court remedies, show an absence of available state corrective process, or demonstrate that circumstances exist that render such process ineffective to protect petitioner's rights, the petition (Doc. 1) is **DISMISSED** without prejudice for lack of exhaustion.

Petitioner's pending motion, requesting to add evidence (Doc. 8), should be **DENIED as moot.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice. Petitioner's motion to add evidence (Doc. 8) should be **DENIED as moot**.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order

---

[2] The fact that petitioner was sentenced to a relatively short sentence does not alter the undersigned's recommendation. Petitioner has not alleged, much less demonstrated, an absence of available state corrective process for her to challenge her 150-day sentence. *See* 28 U.S.C. § 2254(b)(1)(B)(i). This Court has rejected the proposition that "ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile," finding "[t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." *Wright v. Ohio*, No. 3:09-cv-306, 2009 WL 2949854, at *1 (S.D. Ohio, Sept. 11, 2009). *Cf. Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.") (internal quotation marks and citations omitted).

adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

      *S/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MEGAN KYTE,
    Petitioner,

vs.

WARDEN, HAMILTON
COUNTY JUSTICE CENTER,
    Respondent.

Case No. 1:19-cv-809

Bertelsman, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).